**7**
DON J. POOL # 166468
**DOWLING AARON INCORPORATED**
8080 N. Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500 / Fax: (559) 432-4590
dpool@dowlingaaron.com

Attorneys for Secured Creditor, WBL SPE III, LLC, as Assignee from WORLD BUSINESS LENDERS, LLC, as successor-in-interest to WBL CALIFORNIA, LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

****

| | |
|---|---|
| In re<br><br>JEFFREY GEORGE DRAEGER,<br><br>Debtor. | Case No. 19-52499-MEH-11<br><br>Chapter 11<br><br>**OBJECTION BY SECURED CREDITOR WBL SPE III, LLC TO DEBTOR'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (APRIL 8, 2020)**<br><br>Date: April 22, 2020<br>Time: 10:30 AM<br>CtRm.: 11<br>     U.S. Bankruptcy Court<br>     280 S. First St., Third Fl.<br>     San Jose, CA 95113<br><br>*The Honorable M. Elaine Hammond* |

/////

/////

/////

/////

/////

1

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

Secured creditor, WBL SPE III, LLC, as Assignee from WORLD BUSINESS LENDERS, LLC, as successor-in-interest to WBL CALIFORNIA, LLC (hereinafter collectively referred to as "WBL"), by and through its attorneys of record, hereby objects to the *Proposed Combined Plan of Reorganization and Disclosure Statement (April 8, 2020)* ("Disclosure Statement") filed herein by debtor, JEFFREY GEORGE DRAEGER ("Debtor"), on April 8, 2020 on the following grounds:

# I

## PRELIMINARY STATEMENT OF OBJECTION

In February 2019, WBL made a business-purpose loan to Promax Builders, Inc., dba Pro-Craft Builders ("Promax"), in the principal amount of $750,000.00 (hereinafter referred to as the "Loan" or "Loan Obligation").[1] As part of the Loan Obligation to Promax, Debtor guaranteed repayment of the Loan and pledged certain real property commonly known as (1) 1017 Vista Del Mar, San Jose, CA 95132 (*3rd Priority Trust Deed*); (2) 439 N. 11th St., San Jose, CA 95112 (*2nd Priority Trust Deed*); and (3) 436 N. 31st St., San Jose, CA 95116 (*2nd Priority Trust Deed*) (hereinafter collectively referred to as "WBL Collateral"). Req. Jud. Ntc., at doc. no. 55, at p. 4-8; *see also* Req. Jud. Ntc., at doc. no. 20, *Schedule D: Creditors Who Have Claims Secured by Property*, at ¶ 2.6.

Debtor filed his *Voluntary Petition for Individuals Filing for Bankruptcy* under Chapter 11 of Title 11 of the United States Code on December 12, 2019 ("Petition"). *See* Req. Jud. Ntc., at doc. no. 1. As of the Petition date, the total outstanding balance due on Debtor's Loan Obligation was $1,333,029.08. *See* Req. Jud. Ntc., doc. no. 55, at p. 5.

Having received the benefit of the Loan, upon the terms fully disclosed to Promax and Debtor, Debtor now alleges the Loan's interest rate was unconscionable and the prepayment premium an unenforceable penalty. Id. Accordingly, Debtor intends to join with Promax and file an adversary proceeding to reduce the contract rate of interest to 10.0% and avoid the prepayment premium in its entirety. *See* id.

---

[1] WBL's Proof of Claim is being filed concurrently herewith.

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

WBL now objects to the Disclosure Statement filed by Debtor on the grounds that it does not contain adequate information, as required by 11 U.S.C. § 1125(b).

## II

## LEGAL STANDARD

Approval of a disclosure statement is governed by Section 1125, which requires a finding that the disclosure statement contains "adequate information." 11 U.S.C. § 1125(a)(1). "Adequate information" is defined as that information "of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan . . ." Id.

Specifically, the disclosure statement must inform the parties what they can expect to get, when they can expect to get it and the risks attendant to them getting a distribution. In re Ferretti, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991). The factors to be examined to determine if a disclosure statement is sufficient include those set forth in the much-cited case of In re Metrocraft Pub. Services, Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984):

> Relevant factors for evaluating the adequacy of a disclosure statement include: (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information state in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

Id. at 568.

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

Even where the court finds adequate factual disclosure, the disclosure statement will not be approved where the proposed plan is patently unconfirmable:

> It is now well accepted that a court may disapprove of a disclosure statement, even if it provides adequate information about a proposed plan, if the plan could not possibly be confirmed. *See* In re Allied Gaming Management, Inc., 209 B.R. 201, 202 (Bankr. W.D. La. 1997); In re Curtis Center Ltd. Partnership, 195 B.R. 631, 638 (Bankr. E.D. Pa. 1996); In re 266 Washington Assocs., 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992); and In re Bjolmes Realty Trust, 134 B.R. 1000, 1002 (Bankr. D. Mass. 1991).

In re Main Street AC, Inc., 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999). There is simply no purpose to be served by sending a plan out for voting if the plan cannot be confirmed. A plan that does not comply with the provisions of the Bankruptcy Code cannot be confirmed as a matter of law. 11 U.S.C. § 1129(a)(1).

## III

## ARGUMENT

**A.    The Disclosure Statement Does Not Contain Adequate Information.**

The Disclosure Statement contains inadequate disclosure in at least the following respects:

The Disclosure Statement does not disclose or address Promax's business operations, which presumably form the basis for Debtor's monthly "Gross Employment Income" of $19,181.65. *See* Req. Jud. Ntc., doc. no. 55, at p. 27. Specifically, Debtor's most recent Monthly Operating Report shows cumulative Receipts through February 29, 2020 ("02/2020 MOR") of $24,416.00. Req. Jud. Ntc., at doc. no. 53, at ¶ 3a. Given that the case was filed December 12, 2019, Debtor's cumulative Gross Employment Income should have been nearly $50,000.00 if Debtor is receiving $19,181.65 per month. The Disclosure Statement fails to explain or address this discrepancy.

Moreover, Debtor's Schedule I indicates Debtor's monthly gross wage is $10,000.00, not $19,181.65, as stated in the Disclosure Statement. *See* Req. Jud. Ntc., doc. no. 20, *Schedule I: Your Income*, at ¶ 2. Again, the Disclosure Statement fails to address or explain this inconsistency.

4

Case: 19-52499    Doc# 57    Filed: 04/15/20    Entered: 04/15/20 17:20:48    Page 4 of 7

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

In addition, the Disclosure Statement fails to contain *any information on Promax's business operations* and its prospects to maintain its business operations for the term of the Plan. The Disclosure Statement simply treats Debtor's Employment Income as if it were an annuity, not subject variation. However, Debtor's Schedule A/B values Debtor's 70% interest in Promax as "$0.00." *See* Req. Jud. Ntc., doc. no. 1, *Schedule A/B: Property*, at ¶ 19. If Debtor's 70% interest in Promax has no value, Debtor must explain how Promax can pay Debtor nearly $20,000.00 per month for five years.

Finally, the Disclosure Statement should also address the effect of the California Governor's State of Emergency Declarations on Promax's business operations and Debtor's forecasted Gross Employment Income of $19,181.65. Notwithstanding the fact that the Disclosure Statement was filed April 8, 2020, Debtor failed to even acknowledge California's State of Emergency and/or explain its expected effect on Debtor's Employment Income and Promax's business operations. Unless and until Debtor provides this information, the Disclosure Statement does not contain adequate information.

**B.     The Disclosure Statement Should Not Be Approved Because Debtor's Proposed Plan Is Not Feasible.**

Debtor's proposed Plan assumes Debtor will prevail in its forthcoming adversary proceeding to reduce the interest rate on WBL's Loan to 10.0% and avoid in its entirety the Loan's prepayment premium. *See* Req. Jud. Ntc., doc. no. 55, at p. 5. If Debtor fails to prevail on either point, Debtor's Plan is not feasible. As briefly stated below, Debtor will not prevail in the adversary proceeding.

/////
/////
/////
/////
/////
/////
/////

5

Case: 19-52499    Doc# 57    Filed: 04/15/20    Entered: 04/15/20 17:20:48    Page 5 of 7

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

In support of Debtor's Plan, Debtor cites a 2018 California Supreme Court case in which the California Supremes Court invalidated a ***consumer loan*** under California Financial Code section 22302. De La Torre v. CashCall, Inc., 5 Cal.5th 966 (2018). In CashCall, the California Supreme Court was asked by the Ninth Circuit Court of Appeals to resolve a specific question: "Can the interest rate on consumer loans of $2,500 or more render the loan unconscionable under section 22302 of the [California] Financial Code." Id. at 973. Nothing in the CashCall opinion addresses business purpose loans, and certainly nothing indicates that WBL's business-purpose Loan is both procedurally and substantively unconscionable.

Moreover, even assuming *arguendo* that the court were to find the Loan Obligation to be <u>both</u> procedurally <u>and</u> substantively unconscionable, there is no authority that provides the rate of interest should be reduced to 10.0% as Debtor suggests. In fact, even in the other case cited by Debtor, Carboni v. Arrospide, 2 Cal.App.4th 76 (1991), the trial court allowed an interest rate of 24%. Unless the Court reduces the interest rate to 10.0%, Debtor's Plan is not feasible.

Likewise, Debtor's Plan is not feasible because Debtor must prevail in its attempt to avoid enforcement of WBL's prepayment premium. Debtor failed to provide any authority that the Loan's prepayment premium is unenforceable.

Debtor's Plan is also not feasible because Debtor has insufficient income to make the Plan payments. As stated above, Schedule I shows that Debtor's salary is $10,000.00 per month, not $19,181.65 as stated in the Plan. *See* Req. Jud. Ntc., doc. no. 20, *Schedule I: Your Income*, at ¶ 2. In fact, Debtor's 02/2020 MOR shows Debtor's Total Receipts as $24,416.00 since December 12, 2019, a far cry from the nearly $20,000.00 per month stated in the Disclosure Statement. *See* Req. Jud. Ntc., doc. no. 53, at ¶ 3a.

/////
/////
/////
/////
/////

6

Case: 19-52499  Doc# 57  Filed: 04/15/20  Entered: 04/15/20 17:20:48  Page 6 of 7

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

Finally, Debtor's Plan is not feasible because it understates Professional Fees. The Plan estimates Administrative Expense Claims of $90,000.00. *See* Req. Jud. Ntc., doc. no. 55, at p. 26. However, as of February 29, 2020, Debtor's 02/2020 MOR showed professional fees of $33,608.00. *See* Req. Jud. Ntc., doc. no. 53, at p. 2, at ¶ (3). Presumably, Debtor incurred significant professional fees in March 2020 to prepare the Disclosure Statement and Plan, and there remain multiple hearings that will be necessary to confirm a contested Plan. Also, Debtor must litigate and prevail on two adversary proceedings against secured creditors. The Professional Fees disclosed in the Disclosure Statement are obviously significantly understated.

**C.** **WBL Incorporates by Reference the Objections of Other Creditors.**

WBL incorporates by reference any objections filed herein by other creditors.

## IV

## CONCLUSION

For all the reasons stated above, the Court should deny approval of Debtor's Disclosure Statement and grant such other and further relief as the Court may deem just and proper.

Dated: April 15, 2020                          DOWLING AARON INCORPORATED


       / s /   Don J. Pool
DON J. POOL, Attorneys for Secured Creditor, WBL SPE III, LLC, as Assignee from WORLD BUSINESS LENDERS, LLC, as successor-in-interest to WBL CALIFORNIA, LLC

020234-009-02860013

7

Objection by Secured Creditor WBL SPE III, LLC to Debtor's Proposed Combined Plan, etc.

Case: 19-52499    Doc# 57    Filed: 04/15/20    Entered: 04/15/20 17:20:48    Page 7 of 7